COPY

FILED

2009 DEC 15  AM 10: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1 | BERT H. DEIXLER, SBN 070614
    e-mail: bdeixler@proskauer.com
2 | NAVID SOLEYMANI, SBN 219190
    e-mail: nsoleymani@proskauer.com
3 | PROSKAUER ROSE LLP
    2049 Century Park East, 32nd Floor
4 | Los Angeles, CA 90067-3206
    Telephone: (310) 557-2900
5 | Facsimile: (310) 557-2193

6 | Attorneys for Plaintiff Edmunds.com, Inc.

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | EDMUNDS.COM, INC., a New York corporation,

Plaintiff,

v.

TRUECAR, INC., a Delaware corporation, and Does 1-50, inclusive,

Defendants.

Case No.

CV09 09181 VBF (Ex)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(1) SERVICE MARK INFRINGEMENT
(2) FEDERAL FALSE DESIGNATION OF ORIGIN
(3) SERVICE MARK INFRINGEMENT UNDER STATE LAW
(4) FALSE ADVERTISING UNDER STATE LAW
(5) UNFAIR COMPETITION UNDER STATE UNFAIR COMPETITION LAW
(6) UNFAIR COMPETITION UNDER COMMON LAW

DEMAND FOR JURY TRIAL

# INTRODUCTION

1.    This action arises out of defendant's willful and intentional acts of trademark infringement, unfair competition, and false advertising.

2.    Plaintiff Edmunds.com, Inc. ("Edmunds") is an authoritative and influential source of automotive information on the Internet.  For the past 43 years, Edmunds has provided automotive pricing guides and information to millions of consumers through various Internet websites and print media.  Edmunds owns valuable intellectual property in the form of trademarks and other rights, which it uses to communicate, educate, and advertise its products and services.

3.    This action concerns Edmunds' "TRUE COST TO OWN" mark. Edmunds has used this mark in connection with its online automotive pricing tools continuously since 2002.  Edmunds obtained a federal trademark registration for the mark in 2008.

4.    Defendant TrueCar, Inc. ("TrueCar") is a newly formed company that seeks to compete with Edmunds.  But rather than compete fairly and lawfully in the marketplace, TrueCar has embarked on a deliberate strategy of trademark infringement, deception, and capitalizing on Edmunds' intellectual properties and goodwill.  TrueCar's first acts included hiring two of Edmunds' senior executives. Only weeks after their hiring, TrueCar announced with great fanfare that it had created a "new, one-of-a-kind tool" called "True Cost" that provides substantially similar online automotive pricing information as available on Edmunds' website.

5.    Of course, TrueCar could have chosen from a plethora of similar, but non-infringing names, for this supposed "new" tool, such as True Price, Real Price, Actual Price, Real Cost, True Buy, or True Deal.  Those names, however, would not allow TrueCar to capitalize on Edmunds' intellectual property and goodwill. Edmunds is informed and believes that, with the assistance of the two former Edmunds executives, TrueCar deliberately chose to use True Cost as the name of its "new" pricing tool, and to use the "TRUECOST" mark to signify this tool, because

TRUECOST is substantially similar to Edmunds' TRUE COST TO OWN mark.  In short, Edmunds is informed and believes that TrueCar intentionally seeks to create confusion in the marketplace and to trade on Edmunds' mark and goodwill.

6.     But it gets worse.  After ignoring Edmunds' cease and desist letter to stop its infringing conduct, TrueCar pressed ahead with its trademark registration applications to the U.S. Patent and Trademark Office (the "Trademark Office").  On November 13, 2009, the Trademark Office denied TrueCar's registration applications "because of a likelihood of confusion" with Edmunds' TRUE COST TO OWN mark.  Applying the relevant factors, the Trademark Office concluded that "an examination of the marks leads to the conclusion that they are likely to be confused as emanating from the same source."

7.     TrueCar, however, remains undeterred.  It seems unfazed by the Trademark Office's denial of its trademark applications and its determination that the TRUECOST mark is confusingly similar to Edmunds' TRUE COST TO OWN mark.  TrueCar has elected to flout the law and to proceed with its infringing use of the TRUECOST mark.

## PARTIES

8.     Edmunds is a New York corporation, with its principal place of business in Santa Monica, California.  Edmunds provides automotive pricing guides, data, and other information to consumers through various Internet websites (and, previously, through print media).  The company was founded in 1966, and has helped millions of consumers make automobile purchasing decisions.  Edmunds is the owner of the TRUE COST TO OWN mark, Trademark Registration No. 3,518,664.

9.     Edmunds is informed and believes, and on that basis alleges that, TrueCar was incorporated a few months ago in January 2009 in Delaware, and its principal place of business is in Santa Monica, California.  According to its website, TrueCar sees itself as a competitor of Edmunds.  TrueCar is using the infringing

1  TRUECOST mark, even after the Trademark Office denied TrueCar's trademark

2  registration applications and determined that its mark is confusingly similar to

3  Edmunds' TRUE COST TO OWN mark.

## JURISDICTION AND VENUE

5       10.    This Court has subject matter jurisdiction over this Complaint pursuant

6  to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, because the action arises

7  under the Lanham Act, 15 U.S.C. § 1051, *et seq*., and pursuant to the supplemental

8  jurisdiction provisions contained in 28 U.S.C. § 1367.

9       11.    This Court has personal jurisdiction over TrueCar because TrueCar is a

10  citizen of California.  Venue is proper in this judicial district pursuant to 28 U.S.C.

11  § 1391(b) and (c) because TrueCar resides in this judicial district.

## FACTS COMMON TO ALL COUNTS

13  **A.     Edmunds Is A Pioneer In Automotive Pricing Tools**

14       12.    Edmunds was founded in 1966 to publish automotive pricing guides

15  that would assist automobile buyers.  Edmunds' mission is to be the most influential

16  and authoritative source of automotive information.

17       13.    In 1994, before the World Wide Web became mainstream, Edmunds'

18  new car pricing data was first posted on the Internet through a "gopher site" that was

19  known as "The Electronic Newsstand."  This was the first time consumer

20  automotive information had been provided through the Internet.

21       14.    In early 1995, Edmunds launched www.edmunds.com, which was the

22  first automotive information Web site.  Edmunds.com predated the advent of

23  automobile manufacturer Web sites and all other online automotive destinations.

24       15.    In 1996, Edmunds launched Forums (previously known as Town Hall),

25  the most established automotive message boards, where thousands of individuals

26  meet to discuss all things automotive.

27

28

16.     In the fall 2000, Edmunds launched its "True Market Value®" pricing tools, which provide the estimated average price consumers are currently paying dealers for new and used vehicles and in private party transactions.

17.     In 2001 and 2002, Edmunds introduced an assortment of additional content, including the unique "True Cost to Own" data which allows consumers to compare what new cars will cost over the first five years of ownership.

**B.     Edmunds Long-Standing Use Of The TRUE COST TO OWN Mark**

18.     In May 2002, Edmunds began using the TRUE COST TO OWN mark on its Edmunds.com website.  Edmunds has used the TRUE COST TO OWN mark continuously since May 2002 on the Internet in connection with one of its automotive pricing tools.  The TRUE COST TO OWN mark is featured prominently on the Edmunds.com website, among other places, and is used to describe Edmunds' (i) proprietary tool that allows consumers to estimate and compare the total five-year cost of buying and owning a vehicle, and (ii) the cost data generated by that tool.  Since 2002, there have been tens of millions of unique "hits" by consumers on Edmunds' TRUE COST TO OWN mark.

19.     In addition to the TRUE COST TO OWN mark, Edmunds has used a related TRUE COST OF INCENTIVES mark continuously since 2002 in offering online information relating to vehicle manufacturer purchase incentives.  Accordingly, Edmunds has established a family of TRUE COST marks that have been encountered by millions of consumers over a period of years.

20.     Edmunds has invested and continues to invest substantial resources and efforts in promoting the TRUE COST TO OWN mark as an identifier of the proprietary tools and services offered by Edmunds.

21.     As a result of Edmunds' longstanding use of its TRUE COST TO OWN mark, Edmunds has and claims extensive common law rights in this mark.

22.     Edmunds' longstanding use of its TRUE COST TO OWN mark has resulted in substantial recognition and popularity among Internet users.  The public

1   has come to identify the TRUE COST TO OWN mark exclusively with Edmunds.

2   The TRUE COST TO OWN mark has achieved secondary meaning, and is a

3   famous, strong, and well-known symbol of goods and services provided by

4   Edmunds and of Edmunds' goodwill and reputation.

5        23.    A search of the term *true cost* (both with quotes and without quotes) on

6   the Google search engine produces Edmunds' website as the top search result,

7   whereas TrueCar's website does not appear within the first thirty results.  Moreover,

8   Google suggests the phrase *true cost to own* as an alternative search phrase for *true*

9   *cost*.

10        24.    In addition to its extensive common law rights in the mark, Edmunds

11   filed an application for the TRUE COST TO OWN mark with the U.S. Patent and

12   Trademark office.  The mark was registered on October 14, 2008.  Edmunds is the

13   owner of U.S. Registration No. 3,518,664 for TRUE COST TO OWN, in connection

14   with computer services, namely, providing an online, interactive database which

15   calculates the ownership costs of a vehicle over a specified time period.  A true and

16   correct copy of the registration is attached as Exhibit A.

17   **C.**   **New Company TrueCar And Its Infringing TRUECOST Mark**

18        25.    Edmunds is informed and believes that TrueCar launched its

19   truecar.com website in July 2009, a few months after the company was formed in

20   January 2009.

21        26.    Edmunds is informed and believes that, about one month later, on

22   August 5, 2009, TrueCar filed two applications for a trademark registration for

23   TRUECOST.  (Application No. 77/797,978 and 77/824,851).

24        27.    TrueCar's TRUECOST mark is confusingly similar to Edmunds'

25   TRUE COST TO OWN mark in appearance, pronunciation, and connotation and is

26   used in connection with similar services.

27        28.    TRUECOST not only replicates the prominent introductory words of

28   Edmunds' mark but it is also entirely subsumed within Edmunds' mark.  TrueCar's

1   mark does not contain any distinguishing element that would differentiate

2   TRUECOST from TRUE COST TO OWN.

3        29.    TrueCar's services of providing automobile pricing and purchasing

4   information are directly competitive with Edmunds' services.  Indeed, TrueCar's

5   website shows that TrueCar itself views Edmunds as a competitor, and that TrueCar

6   seeks to divert consumers from Edmunds' website and onto TrueCar's website.

7   **D.**    **TrueCar's Use Of The TRUECOST Mark Is Part Of A Calculated**

8          **Campaign To Create Confusion**

9        30.    TrueCar knew of Edmunds' prior use and registration of TRUE COST

10   TO OWN.  Indeed, even a low-level search of the U.S. Trademark Office records

11   would have revealed Edmunds' registration.

12        31.    But this is not a case where a trademark infringer merely ignored

13   evidence of prior use.  Edmunds is informed and believes that TrueCar intentionally

14   chose to use a competitor's mark for the express purpose of sowing confusion and

15   luring consumers away from Edmunds' websites.

16        32.    Edmunds is informed and believes that TrueCar sought to accomplish

17   this nefarious goal with the help of two former Edmunds executives that it recently

18   hired.  According to TrueCar's website, TrueCar recently hired two senior

19   Edmunds' executives who were intimately familiar with Edmunds' use of the TRUE

20   COST TO OWN mark.

21        33.    In a July 1, 2009 press release, a true and correct copy of which is

22   attached as Exhibit B, TrueCar announced that it hired Damon Clecker as Vice

23   President of Product Management.  Clecker previously served as the Executive

24   Director of Product Management at Edmunds, and according to the press release,

25   "will be responsible for aiding in the development of innovative car pricing

26   tools…."

27        34.    In an August 18, 2009 press release, a true and correct copy of which is

28   attached as Exhibit C, TrueCar announced that it hired Jesse Toprak as Vice

1   President of Industry (Trends and Insights).  Toprak previously served as the

2   Executive Director of Industry Analysis at Edmunds, and according to the press

3   release, "will be responsible for analyzing and reporting on all relevant automotive

4   related topics, trends and insights for the industry and the media, as well as for

5   consumers."  While at Edmunds, Toprak had substantial responsibility for the

6   development, enhancement, and promotion of Edmunds' pricing products.

7       35.    On October 12, 2009, only a few weeks after hiring the former

8   Edmunds executives, TrueCar announced the release of its "new" "TrueCost" tool

9   through a press release.  A true and correct copy of this press release is attached as

10  Exhibit D.

11      36.    The press release makes it clear that TrueCar is intending to use, and is

12  using, the TRUECOST mark for services that are substantially similar to services

13  that Edmunds provides through the Edmunds.com website.

14      37.    Edmunds sent a cease and desist letter to TrueCar on October 23, 2009.

15  Edmunds asked that TrueCar withdraw its trademark applications and to cease using

16  the TRUECOST mark.  A true and correct copy of this letter is attached as Exhibit

17  E.

18      38.    TrueCar said no.  A true and correct copy of TrueCar's letter of

19  November 9, 2009 is attached as Exhibit F.

20  **E.    The Trademark Office Denied TrueCar's Registration Because Its Mark**

21  **Is Confusingly Similar To Edmunds' Mark – But TrueCar Persists On**

22  **Its Unlawful And Infringing Conduct**

23      39.    Undeterred by Edmunds' cease and desist letter, TrueCar pressed to

24  obtain a decision on its trademark registration applications from the Trademark

25  Office.

26      40.    On November 13, 2009, the Trademark Office denied TrueCar's

27  registration application "because of a likelihood of confusion" with Edmunds'

28

1  TRUE COST TO OWN mark. A true and correct copy of the Trademark Office's

2  denial is attached as Exhibit G.

3      41.    The Trademark Office explained that, "in this case, the following

4  factors are the most relevant: similarity of the marks, similarity of the goods and/or

5  services, and similarity of trade channels of the goods and/or services." The

6  Trademark Office further explained that "both marks begin with the identical

7  wording TRUE COST. Consumers are generally more inclined to focus on the first

8  word, prefix or syllable in any trademark or service mark…. Consumers are likely to

9  believe that applicant's services are connected or sponsored by registrant; especially

10 when part of applicant's services are essentially the same."

11     42.    Accordingly, the Trademark Office concluded that "an examination of

12 the marks leads to the conclusion that they are likely to be confused as emanating

13 from the same source."

14     43.    One might think that the Trademark Office's denial of TrueCar's

15 registration applications would end the matter. But not even the denial of their

16 registration applications caused TrueCar to stop its unlawful conduct. TrueCar has

17 elected to flout the law and to proceed with its infringing use of the TRUECOST

18 mark. Edmunds was forced to file this action in order to compel TrueCar to stop its

19 unlawful conduct.

20         **COUNT I – FEDERAL SERVICE MARK INFRINGEMENT**

21                  **15 U.S.C. § 1114**

22     44.    Edmunds repeats and realleges every allegation contained in

23 paragraphs 1 – 43 as though fully set forth herein.

24     45.    Edmunds is the owner of U.S. Service Mark Registration No.

25 3,518,664. for the TRUE COST TO OWN mark.

26     46.    TrueCar has, without Edmunds' consent and as alleged more fully

27 herein, used a mark that is confusingly similar to Edmunds' TRUE COST TO OWN

28 mark.

1    47.    The foregoing acts of TrueCar constitute service mark infringement in

2    violation of Section 32 of the Lanham Act, 15 U.S.C.§ 1114.

3    48.    TrueCar's actions are likely to cause confusion or cause mistake, or to

4    deceive the relevant consuming public.

5    49.    Edmunds has suffered, is suffering, and will continue to suffer

6    irreparable injury for which it has no adequate remedy at law.  Edmunds therefore is

7    entitled to an immediate and permanent injunction against further infringing conduct

8    by TrueCar.

9    50.    Edmunds is informed and believes, and on that basis alleges, that

10   TrueCar has profited and is profiting, financially or otherwise, from such

11   infringement and Edmunds has been and is being damaged by such infringement.

12   Edmunds therefore is entitled to recover damages and/or profits from TrueCar in an

13   amount to be proved at trial as a consequence of TrueCar's infringing activities.

14   51.    TrueCar's infringing conduct has been willful, wanton, and malicious,

15   and done with an intent to deceive.  Edmunds therefore is entitled to an award of its

16   reasonable attorneys' fees and costs, profits, and treble its actual damages pursuant

17   to 15 U.S.C. § 1117(a).  Edmunds also is entitled to, among other things, the cost of

18   corrective advertising.

19   **COUNT II – FEDERAL FALSE DESIGNATION OF ORIGIN**

20   **15 U.S.C. § 1125(A)(1)**

21   52.    Edmunds repeats and realleges every allegation contained in

22   paragraphs 1 – 51 as though fully set forth herein.

23   53.    TrueCar's acts as alleged herein also constitute false designation of

24   origin, unfair competition and false advertising in violation of Lanham Act Section

25   43(a), 15 U.S.C. § 1125(a).

26   54.    Edmunds has suffered, is suffering, and will continue to suffer

27   irreparable injury for which it has no adequate remedy at law.  Edmunds therefore is

28

1   entitled to an immediate and permanent injunction against further infringing conduct

2   by TrueCar.

3       55.    Edmunds is informed and believes, and on that basis alleges, that

4   TrueCar has profited and is profiting, financially or otherwise, from such false

5   designation and Edmunds has been and is being damaged by such false designation.

6   Edmunds therefore is entitled to recover damages from TrueCar in an amount to be

7   proved at trial as a consequence of TrueCar's activities.

8       56.    TrueCar's conduct has been willful, wanton, and malicious.  Edmunds

9   therefore is entitled to an award of its reasonable attorneys' fees and costs, profits,

10   and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).  Edmunds is also

11   entitled to, among other things, the cost of corrective advertising.

## COUNT III – SERVICE MARK INFRINGEMENT
## UNDER COMMON LAW

14       57.    Edmunds repeats and realleges every allegation contained in

15   paragraphs 1 – 56 as though fully set forth herein.

16       58.    TrueCar's use of a mark that is confusingly similar to Edmunds' mark

17   is likely to cause confusion, mistake, and deception with regard to the source,

18   sponsorship, or affiliation with Edmunds.

19       59.    TrueCar's activities constitute common law trademark infringement

20   and unfair business competition, and have caused, and, unless enjoined by this

21   Court, will continue to cause confusion and public deception in the marketplace and

22   injury to Edmunds' goodwill and reputation as symbolized by the TRUE COST TO

23   OWN mark, for which Edmunds has no adequate remedy at law.

24       60.    Edmunds is informed and believes that TrueCar acted with full

25   knowledge of Edmunds' use of, and statutory and common law rights to, the TRUE

26   COST TO OWN MARK, and without regard to the likelihood of confusion created

27   by TrueCar's activities.

28

61.   TrueCar's conduct demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Edmunds' famous TRUE COST TO OWN mark, thereby causing immediate, substantial, and irreparable injury to Edmunds.

62.   Edmunds has suffered, is suffering, and will continue to suffer irreparable injury for which Edmunds has no adequate remedy at law.  Edmunds therefore is entitled to an immediate and permanent injunction against further infringing conduct by TrueCar.

63.   Edmunds is informed and believes, and on that basis alleges, that TrueCar has profited and is profiting, financially or otherwise, from such infringement and Edmunds has been and is being damaged by such infringement. Edmunds therefore is entitled to recover damages from TrueCar in an amount to be proved at trial as a consequence of TrueCar's infringing activities.

## COUNT VI – FALSE ADVERTISING UNDER STATE LAW
## (CALIFORNIA BUS. & PROF. CODE § 17500 ET SEQ.)

64.   Edmunds repeats and realleges every allegation contained in paragraphs 1 – 63 as though fully set forth herein.

65.   TrueCar's acts as alleged herein constitute the use of deceptive, untrue, and misleading advertising, of which TrueCar knew or should have known, thereby impairing Edmunds's goodwill and otherwise adversely affecting Edmunds' organization and reputation.  These acts constitute false advertising under California Business and Professions Code § 17500 et seq. and California common law.

66.   Absent injunctive relief, Edmunds has no means by which to control TrueCar's deceptive, untrue, and misleading advertising.  Edmunds therefore is entitled to injunctive relief prohibiting TrueCar from continuing such acts.

## COUNT V – UNFAIR COMPETITION UNDER STATE UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200 ET SEQ.)

67.     Edmunds repeats and realleges every allegation contained in paragraphs 1 – 66 as though fully set forth herein.

68.     TrueCar's acts as alleged herein constitute unlawful, unfair or fraudulent business acts or practices, and unfair, deceptive, untrue or misleading advertising, under California Business and Professions Code § 17200 et seq.

69.     Absent injunctive relief, Edmunds has no means by which to control TrueCar's unlawful, unfair or fraudulent business acts or practices, and unfair, deceptive, untrue or misleading advertising.  Edmunds therefore is entitled to injunctive relief prohibiting TrueCar from continuing such acts.

## COUNT VI – UNFAIR COMPETITION UNDER STATE COMMON LAW

70.     Edmunds repeats and realleges every allegation contained in paragraphs 1 – 69 as though fully set forth herein.

71.     TrueCar's acts as alleged herein constitute unfair competition under California common law.

72.     Absent injunctive relief, Edmunds has no means by which to control TrueCar's unfair competition.  Edmunds therefore is entitled to injunctive relief prohibiting TrueCar from continuing such acts.

73.     Edmunds is informed and believes, and on that basis alleges, that TrueCar has profited and is profiting, financially or otherwise, from such unfair competition and that Edmunds has been and is being damaged by such unfair competition.  Edmunds therefore is entitled to recover damages from TrueCar in an amount to be proved at trial as a consequence of TrueCar's unfair competition.

74.     Edmunds is informed and believes, and on that basis alleges, that TrueCar acted with oppression, fraud or malice in committing unfair competition, so as to justify an award of punitive damages.

1    WHEREFORE, Edmunds respectfully prays for Judgment to be entered

2  against TrueCar as follows:

3    A.    Preliminarily and permanently restraining and enjoining TrueCar, its

4  officers, agents, servants, employees, and attorneys, and those persons in active

5  concert or participation with TrueCar who receive actual notice thereof, jointly and

6  severally:

7        1.    from registering, maintaining, or using the TRUECOST mark

8  (regardless of whether there is any spacing between the words true and cost).

9        2.    from registering, maintaining, or using any mark that is

10  confusingly similar to Edmunds' TRUE COST TO OWN mark;

11        3.    from registering, maintaining, or using any mark in which the

12  words "true" and "cost" are adjacent to each other (with or without a space), in

13  connection with online automotive pricing tools;

14        4.    from using any words, names, styles, designs, titles, or marks

15  that create a likelihood of injury to the reputation of Edmunds or a likelihood of

16  dilution of Edmunds' mark and the goodwill associated therewith;

17        5.    from continuing to perform in any manner whatsoever any of the

18  unlawful acts complained of in this Complaint; and

19        6.    from causing, engaging in or permitting others to do any of the

20  aforesaid acts.

21    B.    Directing TrueCar to deliver to this Court, by a date which the Court

22  shall direct, for impounding, destruction or other disposition, all materials bearing

23  the TRUECOST mark in TrueCar's possession, custody or control, including,

24  without limitation, all websites, informational material, merchandise, transfer

25  designs, packaging, package inserts, labels, signs, prints, wrappers, advertising or

26  other materials and the means for making or reproducing same, that violate the

27  provisions of Paragraph A above, or any portion thereof;

28

7079/99999-503
Current/16851422v3

13

1     C.     Directing TrueCar to file with the Court and serve on counsel for

2  Edmunds within thirty (30) days after entry of any preliminary or permanent

3  injunction issued by the Court in this action, a sworn written statement as provided

4  in 15 U.S.C. § 1116 setting forth in detail the manner and form in which TrueCar

5  has complied with the injunction;

6     D.     Directing TrueCar to account for and relinquish to Edmunds all direct

7  and indirect gains, profits, and advantages derived from TrueCar's wrongful acts

8  above described;

9     E.     Directing that TrueCar pay Edmunds such damages as Edmunds has

10  sustained as a consequence of TrueCar's wrongful acts complained of herein;

11     F.     Directing that the aforesaid amounts be multiplied or otherwise

12  enhanced as authorized by law;

13     G.     Awarding Edmunds on its state law claims compensatory damages in

14  an amount to be determined at trial;

15     H.     Awarding Edmunds punitive damages in such amount as may be

16  determined at trial;

17     I.     Awarding Edmunds prejudgment interest according to law;

18     J.     Finding this to be an "exceptional case," because of the willful and

19  outrageous nature of these violations, and directing that TrueCar pay Edmunds the

20  costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

21  and

22     K.     Granting Edmunds such other and further relief as the Court may deem

23  just and proper.

24  DATED:  December 14, 2009        BERT H. DEIXLER
25                              NAVID SOLEYMANI
26                              PROSKAUER ROSE LLP

27                              Navid Soleymani

28                              *Attorneys for Edmunds.com, Inc.*

1

## **DEMAND FOR JURY TRIAL**

2

Edmunds demands a trial by jury on all issues so triable.

3

4  DATED:  December 14, 2009

BERT H. DEIXLER
NAVID SOLEYMANI
PROSKAUER ROSE LLP

5

6

7  By: _____
                 Navid Soleymani

8

*Attorneys for Plaintiff
Edmunds.com, Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV09- 9181 VBF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUNDS.COM, INC., a New York corporation<br><br>PLAINTIFF(S) | CASE NUMBER<br><br>**CV09 09181 VBF (Ex)** |
| v.<br><br>TRUECAR, INC., a Delaware corporation, and DOES 1-50, inclusive<br><br>DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S):   __TRUECAR, INC.__

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, ___BERT H. DEIXLER___ , whose address is __PROSKAUER ROSE LLP, 2049 Century Park East, 32nd Floor, Los Angeles, CA 90067-3206__ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC 1 5 2009_____

By: _____
**CHRISTOPHER POWERS**
Deputy Clerk

SEAL

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )

EDMUNDS.COM, INC., a New York corporation

**DEFENDANTS**

TRUECAR, INC., a Delaware corporation, and DOES 1-50, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

BERT H. DEIXLER (SBN 070614) bdeixler@proskauer.com
NAVID SOLEYMANI (SBN 219190) nsoleymani@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
(310) 557-2900 phone / (310) 557-2193 fax

Attorneys (If Known)

Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Lanham Act, 15 USC § 1051, et seq.; causes of action for (1) Federal Service Mark Infringement (15 USC § 1114), (2) Federal False Designation of Origin (15 USC § 1125(A)(1), (3) Service Mark Infringement Under Common Law, (4) False Advertising Under State Law (Cal. B&P Code § 17500 et seq.), (5) Unfair Competition Under State Unfair Competition Law (Cal. B&P Code § 17200 et seq.), (6), Unfair Competition Under State Common Law

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number:

CV09 09181

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Edmunds.com, Inc. is a resident of the County of Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant TrueCar, Inc. is a resident of the County of Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ Navid Soleymani_   Date December 14, 2009

NAVID SOLEYMANI

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |